IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| B&L ENVIRONMENTAL,<br><br>     Plaintiff,<br><br>v.<br><br>THE TRAVELERS LLOYDS INSURANCE COMPANY, TRACEY BEAUDOIN, AND DISHON INSURANCE AGENCY<br><br>     Defendants. | CASE NO. 1:22-CV-00083-MJT-ZJH |

## REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR REMAND

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. Judge Truncale has referred Plaintiff B&L Environmental's ("B&L") *Motion for Remand* (Doc. No. 9) to the undersigned United States Magistrate Judge for consideration and disposition. Doc. No. 20. B&L asserts that because Defendant Dishon Insurance Agency ("Dishon") was properly joined as a party, complete diversity is absent between the parties, and therefore this court lacks subject matter jurisdiction to proceed with this case. As such, B&L requests this court remand the instant lawsuit back to state court. However, B&L cannot show a reasonable basis for the court to predict it might recover against Dishon. Therefore, B&L improperly joined Dishon as a party to this case. Accordingly, the undersigned recommends denying B&L's *Motion for Remand* (Doc. No. 9) and dismissing without prejudice Defendant Dishon from the instant lawsuit. The court retains jurisdiction over this case. Additionally, because B&L failed to explain how it would cure its pleading deficiencies, the court denies B&L's request for leave to amend its complaint at this time.

1

I.      **Factual and Procedural Background**

This motion arises out of an underlying insurance dispute resulting from "catastrophic flooding" during Tropical Storm Imelda in September 2019. *See* Am. Compl., Doc. No. 4 at 1, ¶ 1. Plaintiff B&L Environmental ("B&L") is a company located in Orange, Texas, and is a citizen of the State of Texas. *Id.* Beginning in February 2019, B&L received "Commercial Inland Marine" insurance coverage for its shop with Defendant Travelers Lloyds Insurance Company ("Travelers"), a citizen of the State of Connecticut. *Id.* at 3, ¶ 10; Doc. No. 1 at 2. This coverage lasted through February 2020. *Id.* On September 18, 2019, Tropical Storm Imelda flooded B&L's shop, damaging its building and "several pieces of machinery." *Id.* Specifically, the storm inflicted "significant water damage" to four large pieces of equipment, costing B&L "additional expenses such as lost wages." *Id.*, ¶ 11. B&L therefore submitted a claim with Travelers in September 2019. *Id.*, ¶ 12.

Travelers Insurance assigned B&L's claim to Defendant Tracey Beaudoin, an insurance adjuster for Travelers, who is a Texas citizen. *Id.* at 2-3, ¶¶ 3, 14. Beaudoin traveled to where B&L stored its equipment, and met with Brooks Bonin, the owner of B&L. *Id.* at 4, ¶¶ 15-16. At their meeting, Bonin informed Beaudoin that B&L had filed a previous claim on the damaged equipment when it had incurred flood damage as a result of Hurricane Harvey in 2017. *Id.*, ¶ 16. According to B&L, Travelers already knew the equipment had previously suffered damage, which was why the "premium for the policy" and deductible were "so high." *Id.*, ¶ 18. However, Travelers allegedly "denied and minimized" B&L's repair claims after Beaudoin allegedly failed to conduct an inspection. *Id.* at 4-5, ¶¶ 17, 19. Additionally, Travelers allegedly failed to attempt to settle B&L's claim in a fair manner, and failed to explain why it would not pay the claim. *Id.* at 5, ¶ 20.

On December 15, 2021, B&L filed its *Original Petition* against Travelers Insurance and Tracey Beaudoin in the 128th Judicial District of Orange County, Texas. Doc. No. 3. On January 12, 2022, B&L filed its *Amended Original Petition* ("Amended Complaint"), adding Dishon Insurance Agency ("Dishon") — a citizen of Texas — as a party to the case. Doc. No. 4. Dishon was B&L's "insurance agent/broker" who was responsible for securing coverage for B&L. *Id.* at 3, ¶ 10. In its *Amended Complaint*, B&L represents that Travelers, Beaudoin, and Dishon are "collectively known as ('Defendants')." *Id.* at 1 (internal parenthetical in original). Against all Defendants, therefore, B&L alleges causes of action under Sections 541 and 542 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *Id.* at 6-8, 16. Regarding Dishon alone, B&L alleges Dishon is liable under theories of breach of contract, negligence, and negligent misrepresentation. *Id.* at 10-13.

On February 9, 2022, B&L removed Defendant Tracey Beaudoin as a party to this lawsuit. Doc. No. 1 at 2. On February 28, 2022, Travelers timely filed its *Notice of Removal* ("Notice"). Doc. No. 1. In its *Notice* (Doc. No. 1), Travelers represents that while Dishon is a citizen of Texas, Travelers could remove this action to federal court because B&L improperly joined it to defeat diversity jurisdiction. On March 23, 2022, B&L filed the instant *Motion for Remand* (Doc. No. 9), representing that it did not improperly join Dishon as a defendant, and that therefore, this court lacks subject matter jurisdiction in the absence of diversity jurisdiction. On April 5, 2022, Travelers filed its *Response in Opposition to Plaintiff's Motion for Remand* ("Response") (Doc. No. 10). On April 11, 2022, B&L filed its *Reply to Defendant's Response* ("Reply") (Doc. No. 12), and on April 18, 2022, Travelers filed its *Sur-Reply in Support of Response* ("Sur-Reply") (Doc. No. 15). On September 30, 2022, Judge Truncale referred the instant motion to the undersigned for consideration and disposition. Doc. No. 20.

## II.    <u>Legal Standard</u>

### A.  Diversity Jurisdiction

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bermudez v. Indem. Ins. Co. of N. Am.*, No. 4:20-CV-538, 2020 WL 5544561, at *1 (E.D. Tex. Sept. 16, 2020) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 371 (1978).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Bermudez*, 2020 WL 5544561, at *1 (internal quotation marks omitted) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) and citing 28 U.S.C. § 1441(a)).  Courts must "presume that a suit lies outside [its] limited jurisdiction," and construe any ambiguities "against removal and in favor of remand to state court." *Id.* (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) and *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)).  As such, the "removing party bears the burden of showing that federal jurisdiction exists and removal was proper." *King v. Provident Life & Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *2-3 (E.D. Tex. June 4, 2010) (internal citation omitted), *R. & R. adopted*, No. 1:09-CV-983, 2010 WL 2730888 (E.D. Tex. July 9, 2010).

Title 28 U.S.C. Section 1441(b) authorizes a defendant to remove an action to federal court based on the diversity of citizenship between the parties.  28 U.S.C. § 1441(b).  Additionally, Title 28 U.S.C. Section 1447(c) authorizes motions to remand an action to state court if removal was defective.  28 U.S.C. § 1447(c).  Parties are completely diverse when "*each* defendant is a citizen of a different State from *each* plaintiff." *Kroger*, 437 U.S. at 373 (emphases in original).  "Courts determine this jurisdictional question 'by looking at the complaint at the time the [notice of]

removal is filed.'" *Bermudez*, 2020 WL 5544561, at *2 (alteration in original) (quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)).  Therefore, "post-removal filings may not be considered when or to the extent that they present new causes of action or theories."  *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *3 (E.D. Tex. Sept. 29, 2008) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

In assessing the existence of diversity jurisdiction, however, the court may only consider the citizenship of "real and substantial parties" to the litigation.  *Bermudez*, 2020 WL 5544561, at *2 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).  Title 28 U.S.C. Section 1359 reads in full: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been *improperly or collusively made or joined* to invoke the jurisdiction of such court."  28 U.S.C. § 1359 (emphasis added).  Therefore, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture [or defeat] federal diversity jurisdiction."  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (emphases in original) (citing 28 U.S.C. § 1359).

A party is not considered "real and substantial" if they are improperly joined to the case to defeat diversity jurisdiction.  *Bermudez*, 2020 WL 5544561, at *2 (citing *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018)).  Thus, if after determining a party is improperly joined, and all other remaining parties are completely diverse, then the court retains jurisdiction over the case.  *Id.*

### B. **Improper Joinder**

A party seeking removal based on improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. In assessing a claim for improper joinder, courts "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against [an] in-state defendant[] (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (internal parenthetical in original).

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (internal footnote, citation, and quotation marks omitted). As in *Smallwood*, only the second method is before the court. *Id.* This test asks whether there is any "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Courts determine the existence of a "reasonable basis" of recovery by conducting a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (footnote and citation omitted). If a plaintiff "can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

Moreover, in conducting its "Rule 12(b)(6)-type" inquiry, the Fifth Circuit has been clear that "the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (emphasis in original). Thus, to survive a Rule 12(b)(6)

challenge, a "complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Each claim in a complaint must include a "short and plain statement . . . showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and must include enough factual allegations "to raise a right to relief above the speculative level." *Bermudez*, 2020 WL 5544561, at *3 (quoting *Twombly*, 550 U.S. at 555).  All "well-pleaded facts in the complaint [are] accepted as true and viewed in the light most favorable to the plaintiff." *Id.* (citing *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). However, courts must "identify and disregard conclusory allegations because they are 'not entitled to the assumption of truth.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

After conducting its inquiry, if a court finds a non-diverse defendant was improperly joined, "the court will dismiss that defendant without prejudice and permit removal of the action if complete diversity exists." *Holmes v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:19-CV-00420, 2020 WL 6791514, at *2 (E.D. Tex. Jan. 8, 2020) (Truncale, J.) (citing *Int'l Energy*, 818 F.3d at 200); *see also Int'l Energy*, 818 F.3d at 209 (emphasis in original) ("When . . . a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice.").

### III.    <u>Discussion</u>

The heart of the instant *Motion for Remand* (Doc. No. 9), and Travelers's *Notice of Removal* (Doc. No. 1), concerns whether Dishon was improperly joined as a party to the action to prevent the existence of diversity jurisdiction.  The court will first address preliminary disputes between the parties before conducting its "Rule 12(b)(6)-type" analysis.

7

First, the parties dispute exactly *which* causes of action B&L brought forth against Dishon, and therefore, which causes of action the court should apply its "Rule 12(b)(6)-type" inquiry. In its *Reply* (Doc. No. 12), B&L asserts that its "only claims against Dishon" are for: (1) breach of contract; (2) negligence; and (3) negligent misrepresentation. Doc. No. 12 at 1. Therefore, B&L presumes, the court should only scrutinize these three causes of action under an improper joinder analysis. Travelers, however, maintains B&L brought forth allegations of (1) breach of contract; (2) violations of Sections 541 and 542 of the Texas Insurance Code; (3) negligence; (4) negligent misrepresentation; (5) fraud; and (6) conspiracy to commit fraud. *See Notice*, Doc. No. 1 at 5-10; Doc. No. 10 at 5-11. Notably, in its *Sur-Reply* (Doc. No. 15), Travelers points to the *Amended Complaint's* (Doc. No. 4) own shorthand for what constitutes "Defendants" in its introductory paragraph. Doc. No. 4 at 1. This shorthand explicitly includes Dishon, and Travelers then points to subsequent allegations throughout the complaint that are against "Defendants." *Id.* Therefore, Travelers contends, B&L has alleged these subsequent claims against Dishon in the *Amended Complaint*. Doc. No. 15 at 1.

The court agrees with Travelers in its interpretation of the *Amended Complaint* (Doc. No. 4). B&L introduced *all three* defendants — Travelers, Beaudoin, *and* Dishon — as "collectively known as ('Defendants')". *See* Doc. No. 4 at 1 (internal parenthetical in original). Then, in multiple places throughout its complaint, most notably in the Sixth Section entitled "Causes of Action: Violations of the Texas Insurance Code," B&L brought forth allegations against "Defendants." *See* Doc. No. 4 at 6-7, ¶¶ 27-33. B&L repeated its allegations against "Defendants" for Section 542 of the Texas Insurance Code (*id.* at 8, ¶¶ 34-37) and for fraud and conspiracy to commit fraud (*id.* at 16, ¶¶ 64, 66). B&L maintains that it later differentiated its causes of action against individual defendants, such as its allegations against *only* Dishon for breach of contract,

8

further in its complaint, and that this is therefore evidence that allegations against "Defendants" cannot include Dishon.  *See* Doc. No. 12 at 1-2; Doc. No. 4 at 10.  This, however, does not diminish the use of its own defined short-hand for what it terms "Defendants" in its complaint, nor the allegations for violations of the Texas Insurance Code, and liability under fraud and conspiracy to commit fraud, against such "Defendants."

At this jurisdictional stage, the court may only "look[] at the complaint at the time the [notice of] removal is filed."  *Bermudez*, 2020 WL 5544561, at *2 (alteration in original) (internal citation and quotation omitted).  Therefore, "post-removal filings may not be considered when or to the extent that they present new causes of action or theories."  *First Baptist Church*, 2008 WL 4533729, at *3 (citation omitted).  The court is bound to only look at the face of B&L's *Amended Complaint* (Doc. No. 4) at the time of removal and cannot consider its arguments regarding context in its post-removal pleadings.  *Id.*  The plain text of B&L's complaint includes Dishon in the meaning of "Defendants."  Then, B&L brought forth allegations against "Defendants," necessarily including Dishon.  The court cannot logically read B&L's complaint any other way.  As such, the court will apply its Rule 12(b)(6)-type inquiry to B&L's allegations under the Texas Insurance Code, fraud, and conspiracy to commit fraud.

Second, the parties preliminarily dispute whether Travelers's *Notice* (Doc. No. 1) adequately discussed B&L's breach of contract allegation against Dishon.  *See* Pl.'s Mot. For Remand, Doc. No. 9 at 7 ("Travelers ignores altogether the [Amended Complaint]'s breach of contract claim against Dishon."), *id.* at 8 n.9 (asserting the Notice lacks "even a *sub silencio* challenge to the breach of contract claim against Dishon."); *compare with* Def.'s Resp., Doc. No. 10 at 9 (arguing the *Notice* included breach of contract claim) and Def.'s Sur-Reply, Doc. No. 12 at 2-3 (same).  In maintaining that Travelers failed to discuss this allegation in its *Notice* (Doc. No.

9

1), B&L urges the court to presume this means Travelers failed to show there is no reasonable basis to predict B&L might recover under its breach of contract theory. Doc. No. 9 at 8.

Title 28 U.S.C., Section 1446(a) requires the defendant file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This must be supplemented with a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Here, Travelers clearly satisfied its requirements under Section 1446(a), and provided seven pages of discussion regarding improper joinder. *See* Doc. No. 1 at 3-9. Travelers was not statutorily required to thoroughly challenge and discuss *every* cause of action in B&L's complaint or otherwise risk preclusion of removal under its theory of improper joinder. To rule as such would go beyond the confines of Congress's mandate in Section 1446(a)'s plain text. 28 U.S.C. § 1446(a).[1]

The court will now turn to its "Rule 12(b)(6)-type" analysis for the improper joinder of Dishon under theories of breach of contract, negligence, negligent misrepresentation, violations of Sections 541 and 542 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. In no particular order, the court will address each allegation.

### A.    Breach of Contract

First, B&L's *Amended Complaint* (Doc. No. 4) alleges Dishon is liable under theories of breach of contract. Doc. No. 4 at 10. In its complaint, B&L represents that "a contractual relationship was formed between Plaintiff and Defendant Dishon" when Dishon "offered" to obtain new insurance coverage for B&L's previously damaged equipment. *Id.* at 11, ¶ 46. B&L

---

[1] Moreover, the undersigned will not entertain Travelers's argument that its vague statements in its *Notice* regarding B&L's failure to "allege any specific statements made about any specific policy terms" clearly encompassed its breach of contract claim. Doc. No. 1 at 6. These brief allegations were untied to any cause of action and do not specifically address B&L's contract claim. Nevertheless, a full breach of contract analysis was unnecessary to remove the instant case to federal court.

alleges it "paid Dishon for its services of finding coverage for [its] Equipment," and "[i]n exchange, Defendant Dishon provided Plaintiff with an insurance policy for coverage from Defendant Travelers in early February 2019." *Id.* at 10, ¶ 43.  Then, Tropical Storm Imelda damaged B&L's equipment, and B&L filed a claim with Travelers, only to find that Travelers refused to inspect and adjust its claim. *Id.*, ¶ 45.

For the first time in its *Reply* (Doc. No. 12), B&L represents: "[a]s is usual (or at least common)[,] when a small business obtains insurance through its insurance agency, the contract between B&L and Dishon *is oral or implied*."  Doc. No. 12 at 4 (internal parenthetical in original) (emphasis added).  In the next paragraph, B&L asserts that "the substance of the contract . . . required Dishon to obtain not just <u>any</u> insurance policy, but a policy that would provide coverage for specific expensive equipment that had suffered previous water damage and been repaired." *Id.* at 5 (emphasis in original).  There are several issues plaguing B&L's pleadings and *Amended Complaint*, such that the undersigned can find "no reasonable basis to predict" B&L might recover against Dishon under this cause of action. *Smallwood*, 385 F.3d at 574.

To prove a breach of contract claim, the plaintiff must show: "1) a valid contract, 2) the plaintiff performed or tendered performance, 3) the defendant breached the contract, and 4) the plaintiff was damaged *as a result of* the breach." *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.–Tyler 2004, pet denied) (emphasis added) (citing *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App. – San Antonio 2002, no pet.)); *Helayas Logistics LLC v. Stineman*, No. 4:20-CV-210, 2020 WL 1939187, at *4 (E.D. Tex. Apr. 22, 2020).  Formation of a valid contract requires a showing of: "1) an offer, 2) acceptance in strict compliance with the terms of the offer, 3) a meeting of the minds, 4) each party's consent to the terms, and 5) execution and delivery of the contract with the intent that it be mutual and binding." *Critchfield*, 151 S.W.3d at 233 (citation omitted).

These elements are the same regardless of whether the contract is oral or written. *Id.* (citation omitted).

Here, B&L's pleading is deficient in alleging the existence of a valid contract. First, the undersigned cannot consider B&L's representation that this contract was oral, as this was raised for the first time in a pleading *outside the complaint*. *First Baptist Church*, 2008 WL 4533729, at *3. Moreover, even if the undersigned entertained such post-removal filings as the *Reply* (Doc. No. 12), there is no reference to the "substance of the contract" in B&L's *Amended Complaint* (Doc. No. 4). Doc. No. 12 at 4. In other words, the court cannot plausibly determine the existence of a validly formed contract because B&L failed to explain the terms of the contract, let alone "acceptance in strict compliance with the terms of the offer." *Critchfield*, 151 S.W.3d at 233. Even in an alleged oral agreement, such as this, B&L failed to indicate Dishon *agreed* to purchase an insurance policy covering previously-damaged equipment.[2]

Furthermore, B&L failed to properly plead factual allegations pertaining to other necessary elements of formation, such as "acceptance . . . with the terms of the offer," a meeting of the minds, and consent to the terms. *Critchfield*, 151 S.W.3d at 233. Absent in B&L's *Amended Complaint* (Doc. No. 4) are facts giving rise to the existence of a meeting of the minds or Dishon's consent to the terms (or, as highlighted in footnote two, B&L's acceptance, if in fact B&L was the offeree).

---

[2] It is also unclear which party was the offeror and which the offeree. B&L contends that Dishon "offered" to obtain insurance coverage for B&L. Doc. No. 4 at 11, ¶ 46. However, B&L failed to allege the terms of this offer, let alone if in its alleged "acceptance," B&L then added additional terms to request coverage for its previously-damaged equipment. *Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 104 (Tex. App. – Houston [1st Dist.] 2015, no pet.) (terms of contract must be "definite" and "certain" to be capable of acceptance). B&L's inferred acceptance, if indeed they were the "offeree," may have therefore constituted a counteroffer rather than "strict acceptance." *See id.* ("A material change in a proposed contract constitutes a counteroffer.") (citations omitted). "A counteroffer constitutes a rejection, not an acceptance, of the original offer." *Id.* (internal citation and quotation marks omitted).

Thus, the very fact that the court cannot determine which party was the offeror and offeree, what constituted the alleged terms of the contract, oral or written, and therefore, whether a counteroffer, and therefore rejection of this offer existed (or if there was acceptance after such a counteroffer), highlights only a small portion of the litany of pleading deficiencies for this cause of action.

Instead, B&L alleges: "Plaintiff paid Defendant Dishon for its services of finding coverage for Plaintiff's equipment. In exchange, [] Dishon provided Plaintiff with an insurance policy for coverage." Doc. No. 4 at 10, ¶ 44. B&L represents that it informed Dishon about the equipment's previous water damage, but nowhere does it allege Dishon *agreed* to the alleged terms of the contract. Nor did B&L mention that this contract was oral in its initial *Amended Complaint* (Doc. No. 4).

Next, B&L's breach of contract allegation is deficient in pleading causation, i.e., that Dishon's alleged failure to procure the correct insurance policy or inform Travelers of the previously-damaged equipment, resulted in Travelers's denial of B&L's insurance claim. Here, the court directs B&L to *Helayas Logistics LLC v. Stineman*. 2020 WL 1939187 (E.D. Tex. Apr. 22, 2020). In *Helayas*, a Texas company sued its insurance company after suffering a cargo loss. *Id.*, at *1. The insurance company denied Helayas's claim, and Helayas therefore filed suit against the insurance company, and insurance agents for another company, in part, alleging theories of breach of contract. *Id.* There, facing a similar procedural posture, the defendant removed the case to federal court, and the plaintiff moved to remand the case to state court. *Id.* In determining the insurance agents were improperly joined, the court held:

> Plaintiff bases the breach on the denial of its insurance claim. Despite Plaintiff's contention that Defendants denied coverage, it was not the Non-Diverse Defendants who denied Plaintiff's claim. Rather, it was [the insurance company] . . . Thus, as the Non-Diverse Defendants did not deny Plaintiff's claim, the Non-Diverse Defendants 'could not breach the insurance policy by denying Plaintiff's coverage claim.'

*Helayas*, 2020 WL 1939187, at *4 (citing *Adaptive Modifications, LLC v. Atl. Cas. Ins. Co.*, No. 4:18-CV-864, 2019 WL 1904680, at *7 (E.D. Tex. Apr. 29, 2019)).

While B&L asserts it had a separate contract with Dishon, it faces a similar causation problem here.  B&L's whole breach of contract theory is premised on *Travelers's* refusal to inspect and adjust its claim for damage inflicted upon its equipment after Tropical Storm Imelda.  *See generally* Am. Compl., Doc. No. 4.  Yet, B&L fails to allege how Dishon's role of acquiring the insurance policy for B&L plays a part in B&L's theories of liability and recovery.  Specifically, B&L failed to plead that Dishon "breached" the alleged oral contract between the parties, such as failing to state something akin to facts suggesting Dishon chose the wrong insurance policy, misleading B&L in choosing a different policy, or failing to inform B&L it was purchasing a different policy.  Such absences mean B&L has failed to allege *causation*: that "the plaintiff was damaged *as a result of* the breach."  *Critchfield v. Smith*, 151 S.W.3d at 233 (emphasis added).

As such, even when viewing the breach of contract allegation in the light most favorable to B&L and accepting all its allegations as true, the court cannot find a "reasonable basis" to predict B&L "might recover" against Dishon on these theories.  *Bowlby*, 681 F.3d at 219; *Smallwood*, 385 F.3d at 574.  The undersigned therefore recommends that B&L improperly joined Dishon for this cause of action.

### B.    Fraud and Conspiracy to Commit Fraud

B&L's final two causes of action are for fraud and conspiracy to commit fraud.  As the Rule 9(b) pleading standard applies to B&L's subsequent claims, the court will address the fraud-related allegations first.

In its *Amended Complaint* (Doc. No. 4), B&L alleges that "Defendants are liable to Plaintiff for common law fraud."  Doc. No. 4 at 16, ¶ 64.  Additionally, B&L alleges that "Defendants are liable to Plaintiff for conspiracy to commit fraud."  *Id.*, ¶ 66.  In the conspiracy to commit fraud allegation, B&L maintains that the "Defendants" represented "material facts" upon which

14

"Plaintiff would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion."  *Id.*, ¶ 67.  These are the only factual statements alleged for these fraud-related allegations, notwithstanding what was incorporated "by reference" earlier in B&L's complaint.  *See generally* Doc. No. 4 at 16.

> The elements for fraud require the plaintiff show:
>
> (1) [A] material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Barclay v. State Farm Lloyds*, No. H-14-3649, 2015 WL 1408185, at *6 (S.D. Tex. Mar. 26, 2015) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

Importantly, "Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity."  *Ford v. Allstate Tex. Lloyd's*, No. 1:21-CV-189, 2022 WL 1651931, at *2 (E.D. Tex. May 3, 2022) (citing *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010)), *R. & R. adopted*, No. 1:21-CV-189, 2022 WL 1651921 (E.D. Tex. May 23, 2022).  This particularity requirement applies to "all claims sounding in fraud."  *Burback v. Oblon*, No. 4:20-CV-946, 2022 WL 2841482, at *3 (E.D. Tex. July 20, 2022) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 393 (5th Cir. 2008)).  "At a minimum, [Rule 9(b)] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (internal citation and quotation omitted).  The Fifth Circuit has been clear that particularity requires the plaintiff allege the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he

obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal citation and quotation marks omitted).

Here, B&L's allegations for both fraud and conspiracy to commit fraud are wholly deficient to satisfy these pleading requirements. Even incorporating Dishon's earlier factual allegations "by reference," the court finds B&L fails to satisfy the particularity requirements under Rule 9(b) as it relates to Dishon. FED. R. CIV. P. 9(b). B&L represented Dishon "offered to obtain new insurance" for B&L at some point in "early 2019." Doc. No. 4 at 11, ¶ 46. Even assuming this was particular enough to satisfy the "when" and the "who," wholly absent from the complaint is the "where" and "how" — the contents of the false representations and what was obtained. *Bell Helicopter*, 417 F.3d at 453; *Benchmark Elecs.*, 343 F.3d at 724. B&L alleges that Dishon was B&L's insurance agent and that Dishon "represented that they had informed [] Travelers that the Equipment had suffered prior flood damage during Hurricane Harvey, but that the Equipment had been repaired." Doc. No. 4 at 12, ¶ 50. It is unclear if these were the fraudulent statements, when they were made, where they were made, or if B&L is even alleging that Dishon never actually made those statements.

Moreover, the allegations for conspiracy to commit fraud, notwithstanding Rule 9(b)'s particularity requirements, fail to pass muster under both *Twombly* and *Iqbal*. These allegations are the exact kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice." *Iqbal*, 556 U.S. at 678. B&L's statements that the "Defendants," including Dishon, made representations that were "material facts," and that they "knew were false or made recklessly without any knowledge of their truth as a positive assertion" merely track the elements for fraud — they do not explain *why* or *how* the statements were material,

nor allege any indication Dishon knew they were false or made recklessly.  Doc. No. 4 at 16, ¶ 67; *Compare with Barclay*, 2015 WL 1408185, at *6 (elements of fraud).

As such, even when viewing the breach of contract allegation in the light most favorable to B&L, there is no "reasonable basis" to predict B&L "might recover" against Dishon for these fraud-related allegations.  *Bowlby*, 681 F.3d at 219; *Smallwood*, 385 F.3d at 574.  B&L's complaint neither passes muster under Rule 9(b) nor the federal pleading standards under *Iqbal* and *Twombly*. The undersigned therefore recommends that Dishon was improperly joined to the case for these fraud-related causes of action.

## C.    Texas Insurance Code Sections 541 and 542

With these Rule 9(b) particularity requirements established, the undersigned next turns to B&L's allegations that "Defendants," including Dishon, violated Sections 541 and 542 of the Texas Insurance Code.  Doc. No. 4 at 6-8.  Specifically, B&L alleges violations of Sections 541.060(a)(1), (a)(2)(A), (a)(3)-(4), and (a)(7),[3] 541.051 and 541.061, as well as Sections 542.055 through 542.060.  Doc. No. 4 at 6-8.

For the sake of brevity, the court will not recite each of B&L's allegations.  However, the factual underpinnings for these allegations closely track the text of the Texas Insurance Code.  *See id.*  To take one example, Section 541.060(a)(2)(A) states that:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to . . . (2) fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear.
> TEX. INS. CODE § 541.060(a)(2)(A).

---

[3] The court notes B&L's complaint reads "541.060(1)" or "541.060(2)(A)."  E.g., Doc. No. 4 at 6-7, ¶¶ 29-30.  The undersigned will construe these allegations as pursuant to Section 541.060(a) for the purposes of this jurisdictional assessment.

In its *Amended Complaint* (Doc. No. 4), B&L alleges "Defendants . . . fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim regarding the Equipment, even though [] Travelers was aware of the prior damage before insuring the Equipment[,] and liability under the policy was reasonably clear."  Doc. No. 4 at 6, ¶ 29.  Thus, B&L contends, this "constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance."  *Id.* at 6-7, ¶ 29.

"Claims alleging violations of the Texas Insurance Code . . . are subject to the requirements of Rule 9(b)."  *Williams v. Steward Health Care Sys., LLC*, No. 5:20-CV-123, 2021 WL 7629734, at *9 (E.D. Tex. Dec. 16, 2021) (internal citation and quotations omitted).  Thus, "[t]o state claims for misrepresentation or fraud in violation of the Texas Insurance Code, Plaintiffs must meet the 'who, what, when, where, and how' requirements of [Rule] 9(b)."  *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021).  "A plaintiff cannot simply restate the provisions of the Texas Insurance Code," and then allege the defendant violated it.  *Carr Enters. Inc. v. Acadia Ins. Co.*, No. 6:20-cv-00129, 2022 WL 965031, at *3 (E.D. Tex. Mar. 30, 2022).

Here, B&L's complaint has not plausibly alleged violations under any of the subsections of the Texas Insurance Code.  Similar to the plaintiff in *Carr Enterprises*, B&L "simply restates, almost word-for-word, the language of the statute in its complaint. Although other facts in the complaint allude to [violations of the Texas Insurance Code], it is unclear what facts relate to the other elements."  2022 WL 965031, at *5.  Moreover, while Section 541 of the Texas Insurance Code applies to "an agent, broker, or adjuster," and may apply to Dishon, Section 542 only applies to "[a]n insurer," and clearly does not apply to agents.  *Compare* TEX. INS. CODE § 541.002 *with* § 542.003.

Therefore, when analyzing B&L's Section 541 allegations, this District has held that "to find a reasonable possibility that a Texas court would allow recovery against an agent, 'the plaintiff must demonstrate that the [agent], as an individual, committed the Texas Insurance violation . . . that caused the harm.'" *Helayas*, 2020 WL 1939187, at *5 (internal citation omitted). Like the plaintiff's complaint in *Helayas*, B&L's complaint also "merely recites statutory language and states that 'Defendants' violated it . . . [t]hus, [B&L's] grouping together of the Non-Diverse [Dishon] with [Travelers] . . . is insufficient to provide a reasonable basis for recovery" against Dishon. *Id.* (citation omitted). Essentially, B&L's pleading fails to explain how Dishon alone violated these sections of the Texas Insurance Code.

Not only has B&L failed to plead with particularity pursuant to Rule 9(b), in that B&L did not specify what the misrepresentations *Dishon* made that constituted violations of the Texas Insurance Code, when and where Dishon made them, or how B&L relied upon them, but B&L's pleading also fails the federal pleading standards under both *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). As previously mentioned, B&L merely recited subsections of the Texas Insurance Code with the defendants' names interspersed. *See, e.g.*, Doc. No. 4 at 6, ¶ 29.

Therefore, B&L's Insurance Code allegations provide no "reasonable basis" to predict B&L "might recover" against Dishon for these fraud-related allegations. *Bowlby*, 681 F.3d at 219; *Smallwood*, 385 F.3d at 574. Nor does B&L's complaint survive the federal pleading standards set forth in *Iqbal* and *Twombly*. The undersigned therefore recommends that Dishon was improperly joined to the case for these causes of action as well.

### D.    <u>Negligence and Negligent Misrepresentation</u>

Lastly, B&L brings forth causes of action against Dishon under theories of negligence and negligent misrepresentation.  Doc. No. 4 at 11-13, ¶¶ 49-51.  Because B&L's allegations under these causes of action are only three paragraphs, the undersigned will briefly summarize them in turn.

B&L's first paragraph regarding these causes of action merely recites the applicable law for negligence against insurance agents.  Doc. No. 4 at 11, ¶ 49.  In an off-hand manner, B&L concludes this first paragraph by alluding that an "agent owes its client a duty [] regarding what coverages are included and excluded.  And, the agent's failure to do so is an actionable tort." *Id.* at 12, ¶ 49.  In the next paragraph, B&L represents that it "specifically requested [Dishon] to bind casualty coverage for the Equipment." *Id.*, ¶ 50.  Dishon then obtained an insurance policy for the "Equipment" and charged B&L for that policy. *Id.*  Then, Dishon represented it told Travelers about the Equipment's previous flood damage and subsequent repair.  However, B&L reiterates, when it filed a claim with Travelers and informed Beaudoin about the Equipment, Beaudoin refused to inspect the Equipment. *Id.*

B&L concludes this cause of action by restating the law regarding duties insurance agents owe to their clients, and then, finally that: "Dishon is liable to [B&L] because [] Dishon told [B&L] that it informed [] Travelers that the Equipment had suffered prior flood damage, but was repaired and because of this the cost of coverage would be more expensive and the deductible would be higher." *Id.* at 13, ¶ 51.  These conclusory allegations are simply not enough to plausibly state a claim for either negligence or negligent misrepresentation.

"Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, [the Fifth Circuit] has applied the heightened pleading requirements when the parties have not urged a

separate focus on the negligent misrepresentation claims." *Benchmark Elecs.*, 343 F.3d at 723 (citation omitted).  For example, when a plaintiff's "state law claims for fraud and negligent misrepresentation rely upon the same set of facts and allege identical misrepresentations, and [the plaintiff] make[s] no effort to distinguish the causes of action in their complaint or responsive brief," Rule 9(b) applies.  *Goss v. Firestone Polymers, L.L.C.*, No. 1:04-CV-665, 2005 WL 1004717, at *20 (E.D. Tex. Apr. 13, 2005); *see also Benchmark Elecs.*, 343 F.3d at 723 ("That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts.").

While the amended complaint fails to state what misrepresentations Dishon allegedly made, it is clear B&L brings forth the same alleged misrepresentation throughout its complaint. B&L makes no effort to distinguish between its negligent misrepresentation cause of action and its fraud and conspiracy to commit fraud allegations.  Indeed, B&L merely incorporated by reference its earlier facts in the fraud-related portions of its complaint, and then recited the elements of fraud.  *See* Doc. No. 4 at 16.  Thus, even though B&L placed its fraud and negligent misrepresentation claims under different headings, and in different sections of its complaint, this is of no import — both causes of action rely on the same set of factual underpinnings and "identical misrepresentation," whatever that may be.  *Goss*, 2005 WL 1004717, at *20.  Thus, just as B&L's fraud-related allegations fail to pass muster under Rule 9(b), so too do its negligent misrepresentation claims.

Moreover, negligent misrepresentation consists of four elements:

(1) [T]he representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Sachi Trading, LLC v. Certain Underwriters at Lloyd's, London-Brit Syndicate 2987*, No. 4:18-CV-1886, 2018 WL 6271843, at *2 (S.D. Tex. Oct. 26, 2018), *R. & R. adopted*, No. 4:18-CV-1886, 2018 WL 6267281 (S.D. Tex. Nov. 29, 2018); *see also Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex.App.–Houston [1st Dist.] 2010, pet. denied).

Thus, even if the court did not apply Rule 9(b)'s heightened particularity standard, B&L's allegations must still fail. B&L asserts that Dishon is liable to B&L "because [] Dishon told [B&L] that it informed [] Travelers that the Equipment had suffered prior flood damage." Doc. No. 4 at 13, ¶ 51. While this may be a representation made by Defendant Dishon in the course of its business, nowhere does B&L allege that this was "false information," that Dishon did not exercise reasonable care or competence in communicating this information, nor that B&L justifiably relied on this representation. *Sachi Trading*, 2018 WL 6271843, at *2. If anything, according to B&L, this was *not* a false representation, but the very one it wanted Dishon to make to Travelers. Once again, the undersigned cannot determine how Dishon made a "misrepresentation" in the same way it cannot determine how Dishon breached its alleged contract.

Earlier, in paragraph 50 of the complaint, B&L alleges that Dishon "also represented that they had informed [] Travelers that the Equipment had suffered prior flood damage," however that Beaudoin refused to inspect the equipment. Doc. No. 4 at 12, ¶ 50. Once more, this does not amount to a false representation made to *B&L*, that it then justifiably relied upon. *Sachi Trading*, 2018 WL 6271843, at *2. It appears that B&L may want the court to deduce that Dishon made a false representation to *Travelers* about the prior flood damage incurred to its equipment. Or, perhaps, that Dishon made a false representation to B&L in that it procured an insurance policy covering the equipment, when really this was not the case. Or, that Dishon never did inform Travelers about the previously damaged equipment. The court does not know where the alleged

22

misrepresentation lies and that is the crux of B&L's problem facing its pleading deficiencies. Regardless, this does not amount to a negligent misrepresentation claim, however, as Texas law clearly requires justifiable reliance of a false statement *by the plaintiff*.  *Id.* (emphasis added) ("(4) the plaintiff suffers pecuniary loss *by justifiably relying on the representation*.").  B&L never even mentioned a factual basis for such justifiable reliance on its part.

In its *Motion for Remand* (Doc. No. 9), B&L urges the court to adopt the negligent procurement standard set forth in *Malone v. Blue Cross & Blue Shield of Texas, Inc.*  No. 3:18-CV-2757, 2019 WL 4192286, at *2 (N.D. Tex. Sept. 3, 2019).  However, not only does the present case allege a different cause of action than *Malone* —negligent misrepresentation rather than negligent procurement— but as B&L admits, the agent in *Malone* "allegedly agreed to procure the requested coverage," told the plaintiffs the policy would provide the requested coverage, and then "the policy ultimately did not do so."  Doc. No. 9 at 9 n.10 (citing *Malone*, 2019 WL 4192286, at *6).  This starkly contrasts with what B&L has alleged here.  Nowhere has B&L maintained that Dishon agreed to procure coverage for its equipment, nor that the policy B&L ultimately obtained fail to provide such coverage; Beaudoin's failure to inspect does not suggest Dishon procured a policy different than what B&L requested.  If this was the case, B&L failed to explain as such. Again, the court does not know where the misrepresentation lies.

Lastly, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach."  *Gharda USA v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015) (internal citation and quotation omitted).  B&L spent its first paragraph for this cause of action explaining that insurance agents owe a duty to the insured to procure a requested policy and explain the application for insurance and terms of coverage being applied for.  Doc. No. 4 at 11, ¶ 49 (quoting *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F.

Supp. 2d 972, 982-83 (S.D. Tex. 2007)).  Similar to its other causes of action, however, B&L fails to mention *how* Dishon breached its duty: whether it procured the wrong policy, whether it failed to explain the terms of the policy, whether it misrepresented *to B&L* what the policy covered, or whether Dishon failed to procure the correct policy and then failed to inform B&L.  Thus, B&L has failed to plausibly allege a negligence claim against Dishon for negligence as well.  The court is left unapprised of exactly *how* Dishon may have allegedly breached its duty, and further, how that breach caused damages to B&L.  *Gharda USA*, 464 S.W.3d at 352; *see also supra*, breach of contract discussion.

Therefore, for these causes of action as well, B&L has provided no "reasonable basis" to predict it "might recover" against Dishon on theories sounded in negligence and negligent misrepresentation.  *Bowlby*, 681 F.3d at 219; *Smallwood*, 385 F.3d at 574.  B&L's complaint remains deficient under both Rule 9(b) and *Iqbal* and *Twombly*.  As such, the undersigned recommends that Dishon was improperly joined on these theories of liability as well.

In sum, after conducting a "Rule 12(b)(6)-type" inquiry and incorporating the federal pleading standard under Rule 9(b) as well, the undersigned finds B&L's allegations against Dishon either fail Rule 9(b)'s particularity requirement or are mere "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 555 U.S. at 678.  There is no "reasonable basis" for the court to predict that B&L might recover against Dishon on any of the theories alleged in its *Amended Complaint* (Doc. No. 4).  *Smallwood*, 385 F.3d at 574.  Thus, the undersigned finds Dishon was improperly joined to the case, and is therefore not a "real and substantial" party for diversity jurisdiction purposes.  *Bermudez*, 2020 WL 5544561, at *2.

Lastly, B&L requests the court grant it leave to amend its complaint if the undersigned finds its pleadings deficient.  However, the Fifth Circuit has stated that leave to amend is not

required when the movant, here B&L, "fails to apprise the district court of the facts that [it] would plead in an amended complaint, if necessary, to cure any deficiencies."  *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)).  B&L has provided no such information regarding how it seeks to cure the deficiencies in its complaint to further show Dishon was properly joined as a party.  As such, the undersigned denies B&L's request for leave to amend.

Because Dishon was improperly joined as a party to this case, Dishon's citizenship as an in-state defendant cannot be deemed "real and substantial" for the purposes of defeating diversity jurisdiction.  As such, the undersigned recommends denying Plaintiff B&L's *Motion for Remand* (Doc. No. 9) and dismissing Defendant Dishon Insurance Agency without prejudice.  *Int'l Energy*, 818 F.3d at 209; *Holmes*, 2020 WL 6791514, at *2.  Additionally, because B&L failed to apprise the court how it intends to cure its complaint to show proper joinder of Dishon, the court will not grant leave to amend at this time.

## IV.   Recommendation

For the reasons stated above, the undersigned recommends denying Plaintiff B&L Environmental's *Motion for Remand* (Doc. No. 9).  Additionally, the undersigned recommends dismissing without prejudice Defendant Dishon Insurance Agency from the present case.

## V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2);

E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge